# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

STEVEN R.G. CANDLER,

  Petitioner,

  v.

RAUL MORALES,

  Respondent.

Case No. 1:25-cv-01346-SAB-HC

ORDER GRANTING RESPONDENT'S MOTION TO DISMISS, DENYING PETITIONER'S VARIOUS MOTIONS, TERMINATING PETITIONER'S MOTION TO CONSENT, DISMISSING PETITION FOR WRIT OF HABEAS CORPUS, DIRECTING CLERK OF COURT TO CLOSE CASE, AND DECLINING TO ISSUE CERTIFICATE OF APPEALABILITY

(ECF Nos. 12, 14–16, 19, 23, 25, 28–30, 31)

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. The parties have consented to the jurisdiction of a United States magistrate judge. (ECF Nos. 8, 10, 13, 31.)[1]

///

---

[1] On October 24, 2025, Petitioner filed his consent to jurisdiction of a United States magistrate judge on the Court's Order re Consent or Request for Reassignment. (ECF No. 8.) On December 4, 2025, Respondent filed their consent to jurisdiction of a United States magistrate judge. (ECF No. 10.) On December 5, 2025, the Chief Judge authorized "the action to proceed before the assigned United States Magistrate Judge for all further proceedings including trial and entry of judgment." (ECF No. 13.) On December 19, 2025, Petitioner filed a copy of Respondent's consent form with the date, name, and signature in the decline of jurisdiction of a United States magistrate judge section filled with his information and checking the box next to the decline of jurisdiction of a United States magistrate judge. (ECF No. 17.) On March 26, 2026, the Court ordered Petitioner to file the appropriate motion if he seeks to withdraw his consent. (ECF No. 27.) On April 10, 2026, Petitioner filed a "motion to the court . . . to consent to magistrate judge jurisdiction[.]" (ECF No. 31 at 1.)

1

## I.

## BACKGROUND

On April 22, 2022, Petitioner was convicted in the Tulare County Superior Court of two counts of unlawful sexual intercourse with a minor under 16. On June 16, 2022, Petitioner was sentenced to an imprisonment term of ten years. (ECF No. 11-1.) Petitioner did not appeal the judgment. Petitioner filed four state post-conviction collateral actions challenging the judgment, the earliest of which was constructively filed on October 17, 2023.[2] (ECF Nos. 11-2, 11-4, 11-6, 11-8.)

On October 5, 2025, Petitioner constructively filed the instant federal petition for writ of habeas corpus. (ECF No. 1.) On December 4, 2025, Respondent filed a motion to dismiss, arguing that the petition was filed outside the one-year limitation period. (ECF No. 12.) On December 19, 2025, Petitioner filed an opposition, and on January 2, 2026, Respondent filed a reply. (ECF Nos. 18, 20.)

## II.

## DISCUSSION

### A. Statute of Limitations

On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). AEDPA imposes various requirements on all petitions for writ of habeas corpus filed after the date of its enactment. Lindh v. Murphy, 521 U.S. 320 (1997); Jeffries v. Wood, 114 F.3d 1484, 1499 (9th Cir. 1997) (en banc). The instant petition was filed after the enactment of AEDPA and is therefore governed by its provisions.

AEDPA imposes a one-year period of limitation on petitioners seeking to file a federal petition for writ of habeas corpus. 28 U.S.C. § 2244(d)(1). Section 2244(d) provides:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the

---

[2] Pursuant to the mailbox rule, a pro se prisoner's habeas petition is filed "at the time . . . [it is] delivered . . . to the prison authorities for forwarding to the court clerk." Hernandez v. Spearman, 764 F.3d 1071, 1074 (9th Cir. 2014) (alteration in original) (internal quotation marks omitted) (quoting Houston v. Lack, 487 U.S. 266, 276 (1988). The mailbox rule applies to both federal and state habeas petitions. Campbell v. Henry, 614 F.3d 1056, 1059 (9th Cir. 2010). Respondent applied the mailbox rule in the motion to dismiss. (ECF No. 12 at 1 n.1.)

judgment of a State court. The limitation period shall run from the latest of –

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

In most cases, the limitation period begins running on the date that the petitioner's direct review became final or the expiration of the time for seeking such review. Here, as Petitioner did not appeal, the judgment became final when Petitioner's time for seeking review expired sixty days thereafter on August 15, 2022. See Cal. R. Ct. 8.308. The one-year limitation period commenced running the following day, August 16, 2022, and absent tolling, was set to expire on August 15, 2023. See Patterson v. Stewart, 251 F.3d 1243, 1246 (9th Cir. 2001) (citing Fed. R. Civ. P. 6(a)).

**B. Statutory Tolling**

The "time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward" the one-year limitation period. 28 U.S.C. § 2244(d)(2). Although Petitioner filed four state habeas petitions, the earliest petition was constructively filed on October 17, 2023, two months after the one-year limitation period expired. As § 2244(d) "does not permit the reinitiation of the limitations period that has ended before the state petition was filed," Ferguson

3

v. Palmateer, 321 F.3d 820, 823 (9th Cir. 2003), Petitioner is not entitled to statutory tolling for his four state habeas petitions. Accordingly, Court finds that the instant federal petition was filed outside the one-year limitation period when statutory tolling is applied, and the instant federal petition is untimely unless Petitioner establishes that equitable tolling is warranted.

### C. Equitable Tolling

The limitation period also is subject to equitable tolling if the petitioner demonstrates "'(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." Holland v. Florida, 560 U.S. 631, 649 (2010) (quoting Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005)). Petitioner bears the burden of alleging facts that would give rise to tolling. Holland, 560 U.S. at 649; Pace, 544 U.S. at 418.

As noted by Respondent, "rather than addressing the statute of limitation issue" in the opposition, "Petitioner instead focuses largely on the merits of his claims for relief." (ECF No. 20 at 2.) "Petitioner does, however, make a passing reference to being unskilled in the law and being entitled to the appointment of counsel for the purpose of filing a habeas corpus petition." (Id. (citing ECF No. 18 at 3).) Petitioner's lack of legal knowledge does not constitute extraordinary circumstances that warrant equitable tolling. See, e.g., Baker v. Cal. Dep't of Corr., 484 F. App'x 130, 131 (9th Cir. 2012) ("Low literacy levels, lack of legal knowledge, and need for some assistance . . . are not extraordinary circumstances to warrant equitable tolling . . . ."); Raspberry v. Garcia, 448 F.3d 1150, 1154 (9th Cir. 2006) ("[A] *pro se* petitioner's lack of legal sophistication is not, by itself, an extraordinary circumstance warranting equitable tolling."). Petitioner has not made any showing that he is entitled to equitable tolling. Therefore, the instant federal petition was not timely filed, and dismissal is warranted on this ground.

### D. Certificate of Appealability

Having found that Petitioner is not entitled to habeas relief, the Court now turns to whether a certificate of appealability should issue. A petitioner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition, and an appeal is only allowed in certain circumstances. Miller-El v. Cockrell, 537 U.S. 322, 335-36 (2003); 28 U.S.C. § 2253. Where, as here, the Court denies habeas relief on procedural grounds without reaching

the underlying constitutional claims, the Court should issue a certificate of appealability "if jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack v. McDaniel, 529 U.S. 473, 484 (2000). "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." Id.

In the present case, the Court finds that reasonable jurists would not find the Court's determination that the petition should be dismissed debatable or wrong, or that Petitioner should be allowed to proceed further. Therefore, the Court declines to issue a certificate of appealability.

## III.

## RECOMMENDATION

Accordingly, the Court HEREBY RECOMMENDS that:

1.  Respondent's motion to dismiss (ECF No. 12) be GRANTED;

2.  The petition for writ of habeas corpus be DISMISSED as untimely;

3.  Petitioner's various motions (ECF Nos. 14–16, 19, 23, 25, 28–30) be DENIED;

4.  Petitioner's motion to consent (ECF No. 31) is TERMINATED;

5.  The Clerk of Court is DIRECTED to CLOSE the case; and

6.  The Court DECLINES to issue a certificate of appealability.

IT IS SO ORDERED.

Dated:  **April 14, 2026**

STANLEY A. BOONE
United States Magistrate Judge

5